J-S46040-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| KATHRYN MARIE DELUCA | : | |
| | : | |
| Appellant | : | No. 819 WDA 2023 |

Appeal from the Judgment of Sentence Entered January 30, 2023
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0001217-2022

BEFORE: LAZARUS, P.J., BOWES, J., and KING, J.

MEMORANDUM BY KING, J.:                    **FILED: MARCH 17, 2025**

Appellant, Kathryn Marie Deluca, appeals from the judgment of sentence entered in the Allegheny County Court of Common Pleas, following her bench trial conviction for driving under the influence of a controlled substance ("DUI") and careless driving.[1]  We affirm.

The relevant facts and procedural history of this case are as follows.  On September 3, 2021, while driving down Breining Road in Pittsburgh, Pennsylvania, Appellant crashed her black SUV into a parked car.  Appellant was arrested and charged with DUI and careless driving.  On August 10, 2022, Appellant filed a motion to draw an adverse inference for failure to preserve the arresting officer's bodycam video.  On November 3, 2022, the court

_____

[1] 75 Pa.C.S.A. §§ 3802(d)(2) and 3714(a), respectively.

conducted a hearing and denied the motion. After denying Appellant's motion, the court proceeded to the non-jury trial that same day.

At trial, Janis Moneymaker testified that she was outside on the street when she looked up and saw Appellant drive down the road and crash into a parked car. Janis[2] explained that she was concerned that Appellant had been injured in the crash and went to the car to check on her. Janis described Appellant as hysterical and noticed that she had red marks on her face, which Janis assumed were from the airbag. Janis saw Appellant walk over to the side of the car and noticed that she pushed something down into the ground. (N.T. Trial, 11/3/22, at 74). Janis asked Appellant what she was doing, and Appellant spit in her face and told her that the police "cannot find the stuff because it is inside her." (*Id.* at 75). Janis then told the police her observations, and police recovered a hypodermic needle commonly used for drugs, that had been pushed into the ground where Appellant had leaned down. (*Id.* at 64, 75).

Erica Moneymaker also testified that she had been outside at the time of the crash. Erica ran to the car and saw Appellant step out of the vehicle. Erica testified that Appellant was slurring her words and had marks on her face from the airbag. (*Id.* at 45-46). Erica explained that Appellant was very

---

[2] The two eyewitnesses who testified at Appellant's trial are named Janis Moneymaker and Erica Moneymaker. To avoid confusion, we refer to these witnesses by their first names.

angry and agitated, was trying to fight her, and was trying to flee. (*Id.* at 46, 58). Erica heard Appellant call someone after the crash and then Appellant got out of the vehicle and walked behind it. (*Id.* at 51). Erica testified that after police left the scene, Appellant's boyfriend came and removed the car. After the car was removed, Erica noticed green pills under where the car had been located.[3]

Officer Stefano Fina testified that he and his partner responded to the scene after the crash. Officer Fina asked Appellant to get out of the car and she did so, but then had trouble holding herself steady and leaned against the car. Officer Fina noticed that Appellant lost her train of thought while speaking, mumbled, and had slurred speech. Officer Fina conducted field sobriety tests and noticed six clues of impairment during the horizontal gaze test, and four clues of impairment during the walk and turn test. Officer Fina took Appellant into custody.

After Appellant arrived at the police station, she was instructed by Officer Larry Crawford to perform field sobriety tests at the station to determine Appellant's level of impairment. Based on the results of the field sobriety testing, Officer Crawford determined that Appellant was likely impaired. (*Id.* at 78-81). Appellant refused a blood draw and refused medical attention.

---

[3] Police had left by this point and did not return to collect the green pills into evidence or conduct any testing on the pills. (*Id.* at 56).

Appellant testified in her own defense that although she refused medical attention initially, the day after the crash she realized the extent of her injuries and sought medical attention. Appellant stated that she had bruising and hemorrhaging in an eye, as well as a concussion. She was directed to wear a neck brace. (*Id.* at 88-89).

At the close of trial, the court stated that it would take the matter under advisement. On November 16, 2022, the court reconvened and rendered its verdict, finding Appellant guilty of DUI-controlled substance and careless driving. On January 30, 2023, the court sentenced Appellant to 3 to 6 days' imprisonment in the Allegheny County Jail and imposed six months' probation. Appellant filed a timely post-sentence motion on February 9, 2023. The court denied the motion by operation of law on June 9, 2023. Appellant filed a timely notice of appeal on July 7, 2023. Pursuant to the court's order, Appellant filed a timely concise statement of errors complained of on appeal on August 11, 2023.

Appellant raises the following issue on appeal:

> Whether the Commonwealth presented sufficient evidence to convict [Appellant] of DUI: Controlled Substance where it failed to prove, beyond a reasonable doubt, that she was under the influence of a drug or combination of drugs to a degree which impaired her ability to safely drive?

(Appellant's Brief at 5).

Appellant argues that the Commonwealth presented no evidence that she was under the influence of drugs. Appellant contends that the

- 4 -

Commonwealth did not present the results of a blood-draw, did not do chemical testing on the hypodermic needle that was recovered from the scene, and did not call a drug recognition expert to the scene. Appellant asserts that her actions could have been as a result of her injuries or had some other cause, and she emphasizes that she sustained significant injuries to her head and neck during the crash. Appellant insists that there was no direct evidence to prove she was under the influence of a controlled substance. Appellant concludes that the evidence did not support her conviction for DUI-controlled substance, and this Court must grant relief. We disagree.

Our standard of review of a challenge to the sufficiency of the evidence is well settled.

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the [finder] of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Hutchinson*, 947 A.2d 800, 805-806 (Pa.Super. 2008), *appeal denied*, 602 Pa. 663, 980 A.2d 606 (2009).

The Motor Vehicle Code defines the offense of DUI-controlled substance as follows:

> **§ 3802. Driving under influence of alcohol or controlled substance**
>
> \* \* \*
>
> **(d) Controlled substances**.—An individual may not drive, operate or be in actual physical control of the movement of a vehicle under any of the following circumstances:
>
> \* \* \*
>
> (2) The individual is under the influence of a drug or combination of drugs to a degree which impairs the individual's ability to safely drive, operate or be in actual physical control of the movement of the vehicle.

75 Pa.C.S.A. § 3802(d)(2).

"[T]o convict a defendant under this section, the Commonwealth must establish three elements: 1) that the defendant drove; 2) while under the influence of a controlled substance; and 3) to a degree that impairs the defendant's ability to drive safely." *Commonwealth v. Spence*, 290 A.3d 301, 309 (Pa.Super. 2023). "[S]ubsection 3802(d)(2) does not limit, constrain, or specify the type of evidence that the Commonwealth can proffer to prove its case." *Commonwealth v. Griffith*, 613 Pa. 171, 183, 32 A.3d 1231, 1239 (2011). "This provision by its plain text does not require that a drug be measured in the defendant's blood[.]" *Id.* Additionally, the

Commonwealth is not required to introduce expert testimony to meet its burden. *See Commonwealth v. Graham*, 81 A.3d 137, 146 (Pa.Super. 2013), *appeal denied*, 625 Pa. 662, 93 A.3d 462 (2014).

Further:

> "In any ... criminal proceeding in which the defendant is charged with a [DUI] ..., the fact that the defendant refused to submit to chemical testing ... may be introduced in evidence along with other testimony concerning the circumstances of the refusal." 75 Pa.C.S.A. § 1547(e). While no presumption of guilt automatically arises from the refusal, the [fact-finder] may consider the refusal "along with other factors concerning the charge." *Id.* Otherwise, one could use drugs, "drive under the influence of those drugs, and avoid prosecution entirely simply by refusing a blood test. We refuse to countenance this absurd result." *Commonwealth v. DiPanfilo*, 993 A.2d 1262, 1268 (Pa.Super. 2010) (footnote omitted).

*Commonwealth v. Caraballo*, 325 A.3d 1025, 1031 (Pa.Super. 2024).

In *Caraballo*, this Court held that evidence was sufficient to establish the appellant's guilt of DUI-controlled substance. There, the Commonwealth introduced the testimony of the arresting officer, who stated that he believed that the appellant's use of drugs impaired his driving ability based on the appellant's physical condition, admission to having taken Vivitrol, slow reaction time, slurred speech, poor performance on field sobriety tests, and the absence of alcohol smell. *Id.* at 1030. This Court recognized that based on the appellant's conduct, the evidence was sufficient to demonstrate that "a drug or a combination of drugs caused [the appellant's] altered consciousness and impaired his driving." *Id.* at 1031.

Instantly, the Commonwealth introduced evidence of two eyewitnesses who described Appellant as yelling and attempting to fight people after the crash and slurring her words. One eyewitness testified that after she saw Appellant reach down and push a syringe into the ground, Appellant jumped up at her, spit in her face, and told the witness that "they cannot find the stuff because it is inside her." (*See* N.T. Trial at 75). The Commonwealth also presented testimony from both the responding police officer and the officer at the police station. Both officers conducted field sobriety testing on Appellant, and the testing indicated impairment both times. Neither officer smelled alcohol on Appellant. Both officers indicated that based on their experience, they believed Appellant was impaired by a controlled substance and could not safely operate a vehicle. Furthermore, Appellant refused to submit to a blood test, which the trial court could consider along with the other evidence presented. *See Caraballo, supra*. Viewed in the light most favorable to the Commonwealth as verdict-winner, this evidence was sufficient to convict Appellant of DUI of a controlled substance. *See Griffith, supra*; *Spence, supra*. *See also Hutchinson, supra*. Accordingly, we affirm.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 3/17/2025